IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | **A.19 CV 0099** |
| v. § | |
| § | |
| $29,965.00, MORE OR LESS, § | |
| IN U.S. CURRENCY, § | |
| Defendant. § | |

### VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff United States of America, by and through the United States Attorney for the Western District of Texas, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

### I.   NATURE OF THE ACTION

1. This action is brought by the United States seeking forfeiture to the United States of the following property: **$29,965.00, More or Less, in U.S. Currency** (hereinafter "Defendant Property").

### II.   STATUTORY BASIS FOR FORFEITURE

2. This is a civil forfeiture action *in rem* brought against the Defendant Property for violation of 21 U.S.C. §§ 801 *et seq.*, and subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), which states:

**§ 881. Forfeitures**
   **(a) Subject property**
      The following shall be subject to forfeiture to the United States and no property right shall exist in them:
         …

**(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### III. JURISDICTION AND VENUE

3. Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), the Court has jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. §§ 1355(b) and 1395.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District and because the Defendant Property is found in this District. *See also* 28 U.S.C. § 1395(b).

5. The Defendant Property was seized in Austin, Texas on August 7, 2018, by the Austin Police Department (APD) in conjunction with the Drug Enforcement Administration (DEA). The Defendant Property has remained in the custody of the DEA, within the jurisdiction of the United States District Court, Western District of Texas, and shall remain within the jurisdiction of the court pending litigation of this case.

### IV. FACTS IN SUPPORT OF FORFEITURE

6. On the morning of August 7, 2018, a Transportation Security Administration (TSA) operator, working in the checked baggage screening area at the Austin-Bergstrom International Airport (ABIA), noted an x-ray image of an unknown bulk item in a suitcase later determined to belong to a Lance Smith (Smith). The TSA screener searched the suitcase and found three clear, vacuum-sealed bags filled with United States currency, *i.e.*, the Defendant Property, inside a pair of pants at the bottom of the suitcase. The TSA screener also noticed that

2

the suitcase, clothing, and three pair of men's "high end" tennis shoes inside the suitcase were all brand new items, many still displaying the price tags.

7. As a result of the find, the APD was contacted for further investigation. At approximately 8:30 a.m., TSA employees briefed the arriving APD officers regarding the screening of the suitcase and the subsequent discovery. The officers also learned that Smith was flying to Los Angeles, California on a flight boarding at 9:03 a.m.

8. Based on training and experience, law enforcement personnel are aware of a recent increase in the amount of high-grade marijuana being trafficked from the State of California to the Austin area. Because of the high profit margin, law enforcement personnel know that it is common for subjects to fly from the Austin area with large sums of currency to the West Coast area, including Los Angeles, to purchase marijuana so that the marijuana may be brought back to the Austin area for distribution. The officers have, thus, seen an increase in the number of cash seizures at the ABIA related to illegal narcotics trafficking from California. These cash seizures are usually taken from a person who has just delivered the narcotics or is enroute to purchase narcotics (typically with the proceeds from the sale of same). In the drug trade, currency is commonly transported in a manner so as to evade detection by law enforcement, similar to the clear, vacuum-sealed bags found in Smith's luggage.

9. The APD officers proceeded to the airport gate to speak with Smith about the large amount of cash that he was carrying in his suitcase. The officers arrived at the gate, and Smith was paged over the public announcement system several times. A female – later identified as Jennifer Calderon (Calderon) – came to the gate desk and inquired as to why they were calling Lance Smith. Officer Smith introduced himself to Calderon and explained that the TSA had found some items in Smith's luggage and that the officer needed to speak with Smith. The

officer inquired as to their travel plans, and Calderon stated that they were heading to Los Angeles to take their daughter to Disneyland. Calderon pointed towards Smith and stated that he was buying a drink.

10. Calderon and the officer approached Smith. The officer introduced himself and explained that the TSA had found some items in Smith's suitcase. The officer asked Smith how many bags he had checked, and Smith replied that he had checked one bag. When the officer asked Smith why he had the bulk cash in his bag rather than keeping it close to him, Smith explained that he usually travels with his money "under the plane." Smith further explained that he goes out to Los Angeles to buy dogs, as he is an American Bullies dog breeder. The officer asked Smith if that was a cash business, and Smith replied that it was a cash business, so he did not have any paperwork to indicate the money had been recently withdrawn from a bank. The officer asked Smith how much money was in the suitcase and why it was vacuum-sealed. Smith replied that he had about "$30,000 or $32,000" and it was vacuum-sealed because it is was "easier" to take with him.

11. During the conversation, Smith told the officer that he was going to a dog show, was going to look at a couple of dogs, and was taking his daughter to Disneyland, too.[1] Smith offered to leave the money with the officer until Smith returned from the trip because he did not want anything to keep him from taking his daughter to Disneyland. Smith further stated that he would have his attorney contact the officer about the money. The officer gave Smith another opportunity to show a bank statement (or other documentation) so that Smith could take the money with him and board the plane. Smith replied that he did not have any proof because his business is cash, explaining that he buys and sells dogs for $5,000 up to $10,000 with cash.

---

[1] One of the officers conducted an internet search but was unable to confirm any dog shows in the Los

Smith admitted to having a bank account but stated that the cash, "didn't come from a bank; I'm not going to lie to you." Smith also stated that he forgot his credit card and his ledger where he logs his dog sales and transactions. Smith reiterated several times that he could leave the money and follow up when he returned. Smith was eager to conclude the conversation as the plane had fully boarded except for Smith, Calderon, and their daughter.

12. During the encounter with Smith, the officer checked for outstanding warrants and requested a criminal history background for Smith. The results did not indicate any warrants on Smith but did detail criminal history for drug offenses. The officer explained that Smith was free to board the plane but that the Defendant Property would be seized, pending further investigation. Smith then departed on his flight. (Based on their experience, officers know that it is not normal for an individual, who is a legitimate traveler, to just abandon their bulk currency.)

13. As part of their investigation, officers determined that Smith had purchased the plane tickets at 6:30 p.m. the day before leaving for vacation and spent approximately $1,700 on the tickets. Based on their training and experience, officers know that smugglers typically purchase airline tickets shortly before traveling as opposed to a planned trip where tickets are purchased months before to maximize cost savings. Officers further determined that Smith and his family would be returning back to Austin on August 10, 2018, *i.e.*, three days later.

14. In response to the cash seizure, an APD officer and his certified drug dog were called to the scene. The drug dog is a trained and experienced narcotics detection canine that is annually certified in detecting the odors of cocaine, ecstasy, heroin, marijuana, methamphetamine, and some of their derivatives. The drug dog has given alerts in the past that

---

Angeles area during the time of Smith's stay.

have proven true and correct and led to the seizure of narcotics as well as led to the execution of search and arrest warrants related to criminal narcotic activity.

15. The APD officer first deployed the drug dog in an airport breakroom. The dog did not alert to any of his trained narcotic odors in the room, deeming the room free of narcotics odors. The Defendant Property was then placed in the breakroom. The drug dog was re-deployed in the room and alerted to the Defendant Property, demonstrating that the Defendant Property had recently been in contact with narcotic substances.

16. The Defendant Property, *i.e.*, approximately $29,965 in cash, was counted and determined to consist of the following:

| Denomination | Number | Value |
|---|---|---|
| $100 | 90 | $9000 |
| $50 | 25 | $1,250 |
| $20 | 982 | $19,640 |
| $10 | 4 | $40 |
| $5 | 7 | $35 |
| | Total | $29,965 |

Officers noticed specks of suspected marijuana within the currency in the vacuum-sealed bags. Law enforcement personnel know, through training and experience, that the small denominations of currency (such as $20 bills) is consistent with proceeds from street sales of narcotics, as shown above with the majority of the cash consisting of $20 bills.

17. The local investigators also received information that an additional $44,680 in U.S. currency was seized by the DEA from Smith and Calderon when they landed at the Los Angeles airport on the same day (*i.e.* on August 8, 2018). That is, approximately $30,000 (vacuum-sealed in clear bags) was discovered in Calderon's checked bag and about $14,000 was discovered in a backpack carried by Smith. Calderon stated that she did not know there was

currency in her suitcase, and Smith claimed to have packed the money without Calderon's knowledge. In a similar fashion to the dog sniff in Austin, a nationally certified drug dog in Los Angeles alerted to the seized cash, demonstrating that the cash had recently been in contact with narcotic substances.

18. During his interview in Los Angeles with the DEA, Smith became very nervous and disclaimed the money both orally and by signing a "Disclaimer of Ownership of Currency." Smith further explained that a "Mark Sampson" had given him the money to purchase dogs, but he refused to provide any additional information to identify Sampson.

19. In conducting its investigation, the DEA determined that Smith has multiple felony convictions for drug violations, including:

    a. A felony conviction in 2017 for Attempted Possession of a Controlled Substance (Alprazolam). *State v. Smith,* No. D-1-DC-16-206310 (390th Dist. Ct., Travis County, Tex. May 8, 2017);

    b. A felony conviction in 2017 for Possession of Marijuana. *State v. Smith,* No. D-1-DC-16-206311 (390th Dist. Ct., Travis County, Tex. May 8, 2017); and

    c. A felony conviction in 2013 for Possession of Marijuana. *State v. Smith,* No. D-1-DC-13-205078 (403rd Dist. Ct., Travis County, Tex. Dec. 18, 2013).

20. DEA agents further determined that employment records do not show any reported earnings for Smith, who appeared to be a healthy 24-year-old male at the time of the cash seizure.[2] Calderon had minimal reported earnings of approximately $15,600 in 2017 and $7,100 in 2018.

21. The investigation further disclosed that on May 1, 2018 (*i.e.* three months prior to the cash seizures from Smith on August 8, 2018), the APD seized approximately $17,755 in cash from Smith related to the following felony criminal charges pending in Travis County:

---

[2] During his interview with the DEA in Los Angeles, Smith admitted that he had not filed tax returns for

a.  Unlawful Possession of a Firearm by a Felon. *State v. Smith*, No. D-1-DC-18-203088 (299th Dist. Ct., Travis County, Tex. filed June 4, 2018).

b.  Possession of a Controlled Substance (Tetrahydrocannabinol), 400 grams or more. *State v. Smith*, No. D-1-DC-18-203089 (299th Dist. Ct., Travis County, Tex. filed June 4, 2018).

c.  Possession of Marijuana, 5 pounds or less but more than 4 ounces. *State v. Smith*, No. D-1-DC-18-203090 (299th Dist. Ct., Travis County, Tex. filed June 4, 2018).

22. The pending state charges stem from an APD traffic stop on a vehicle driven by Smith, who was the lone occupant. At the traffic stop, Smith exited the vehicle and fled on foot but was apprehended after a short pursuit. As Smith was being frisked, Smith stated that he ran because he had a gun in the car. Officers conducted a probable cause search of the vehicle and located, *inter alia*, 1.24 pounds of marijuana, $17,755 in cash, and a loaded Glock in the vehicle. The cash was forfeited by Travis County in a civil action as currency "used in or was proceeds gained" in the commission of a felony.[3]

23. On September 14, 2018, the DEA provided Smith with notice of the seizure of the Defendant Property and of its intention to administratively forfeit the Defendant Property pursuant to the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*). On November 13, 2018, Smith submitted an administrative claim to the DEA, by and through his attorney, contesting the forfeiture of the Defendant Property.

24. Based on the foregoing facts, it is reasonable to believe that the Defendant Property is subject to forfeiture given: (1) the large amount of cash seized from Smith in separate suitcases on his way to Los Angeles; (2) the positive drug dog alert on the Defendant Property; (3) Smith's destination to a known source city for drug trafficking, (4) Smith's

---

2016 or 2017.
[3] *See State v. $17,755.00 in U.S. Currency*, No. D-1-GN-18-002577 (331st Dist. Ct. Travis County, Tex.

inability to provide any documentation and/or bank statements as to the source of the Defendant Property; (5) Smith's lack of reported earnings, (6) Smith's prior drug convictions and pending criminal charges, and (7) the circumstances of the prior seizure and forfeiture of cash from Smith. In other words, it is reasonable to believe that the Defendant Property constitutes property involved in or used to facilitate a transaction related to the buying and selling of narcotics and/or constitutes or is derived from proceeds of drug transactions. Therefore, the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the United States prays that due process issue to enforce the forfeiture of the Defendant Property, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[4] that a warrant for an arrest in rem be ordered, that the Defendant Property be forfeited to the United States of America, that the Defendant Property be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

---

July 6, 2018) (default judgment entered).
[4]Appendix A, Notice of Complaint of Forfeiture, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Defendant Property.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By: _____
DANIEL M. CASTILLO
Assistant United States Attorney
Texas State Bar No. 00793481
816 Congress Avenue, Suite 1000
Austin, Texas 78701
Tel:   (512) 916-5858
Fax:   (512) 916-5854
Email: Daniel.Castillo@usdoj.gov

ATTORNEYS FOR PLAINTIFF,
UNITED STATES OF AMERICA

## **VERIFICATION**

I, Jeff Brennecke, declare and state that:

1. I am a Task Force Officer with the Drug Enforcement Administration assigned to the Austin Resident Office. I am the investigator responsible for the accuracy of the information provided in this litigation.

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof. The information contained in the Verified Complaint for Forfeiture has been furnished by official government sources, and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 7th day of February, 2019.

Jeff Brennecke, Task Force Officer
Drug Enforcement Administration
Austin Resident Office

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>v.<br><br>$29,965.00, MORE OR LESS,<br>IN U.S. CURRENCY,<br>　　　　　Defendant. | §<br>§<br>§<br>§  NO. A19CV0099 RP<br>§<br>§<br>§<br>§ |

## NOTICE OF COMPLAINT FOR FORFEITURE

1.　　On February __, 2019, a Verified Complaint for Forfeiture *in rem* was filed in this Court by the United States Attorney for the Western District of Texas, against the below-described property, which is also specifically described in the Verified Complaint for Forfeiture, for violation of 21 U.S.C. §§ 801 et seq., and subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6), namely:

$29,965.00, More or Less, in U.S. Currency

(hereinafter "Defendant Property").

2.　　Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions (hereinafter "Supplemental Rules"), notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Defendant Property. Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Defendant Property who has received direct notice of this forfeiture action must file a Claim, in compliance with Rule G(5)(a), with the court **within 35 days after the notice was sent, if delivered by mail, or within 35 days of the date of delivery, if notice was**

APPENDIX A

**personally served**. An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **21 days** of the Claim being filed.

    3.    The Claim and Answer must be filed with the Clerk of the Court, 501 W. Fifth Street, Austin, Texas 78701, and copies of each must be served upon Assistant United States Attorney Daniel M. Castillo, 816 Congress Avenue, Suite 1000, Austin, Texas 78701, or default and forfeiture will be ordered. *See* 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions.

    4.    Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

APPENDIX A

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
A19CV0099RP

$29,965.00, MORE OR LESS, IN UNITED STATES CURRENCY

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   TRAVIS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel M. Castillo, Assistant United States Attorney
816 Congress Avenue, Suite 1000
Austin, TX 78701            (512) 916-5858

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 801 et seq.
Brief description of cause:
Drug Trafficking

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 2/7/2019

SIGNATURE OF ATTORNEY OF RECORD
*/s/ Daniel M. Castillo*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>$29,965.00, MORE OR LESS,<br>IN U.S. CURRENCY,<br>        Defendant. | §§§§§§§§§    **A19CV0099 RP** |

## WARRANT FOR THE ARREST OF PROPERTY

TO THE UNITED STATES MARSHALS SERVICE OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on February __, 2019, against the following Property:

**$29,965.00, More or Less, in U.S. Currency**

**(hereinafter "Defendant Property")**, alleging that the Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) for violation of 21 U.S.C. §§ 801 et seq., and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for the Arrest of Defendant Property be issued as prayed for by Plaintiff United States of America,

YOU ARE THEREFORE COMMANDED to arrest the Defendant Property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody, or control the Defendant Property is presently found and to use whatever means may be appropriate to protect and maintain the Defendant Property in your custody until further order of this Court,

including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Defendant Property and to make a return as provided by law.

SIGNED this _____ day of _____, 2019.

>					JEANNETTE J. CLACK
>					United States District Clerk
>					Western District of Texas
>
>			By:	_____
>					Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>$29,965.00, MORE OR LESS,<br>IN U.S. CURRENCY,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. A19CV0099RP |

### ORDER FOR WARRANT OF ARREST OF PROPERTY

WHEREAS a Verified Complaint for Forfeiture *in rem* was filed on February __, 2019, against the following Property:

**$29,965.00, More or Less, in U.S. Currency**

**(hereinafter "Defendant Property")**, alleging that the Defendant Property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) for violation of 21 U.S.C. §§ 801 et seq.; IT IS THEREFORE

ORDERED that a Warrant for the Arrest of Defendant Property issue as prayed for, and that the United States Marshals Service for the Western District of Texas, or any other law enforcement officer, or any other person or organization authorized by law to enforce the warrant, be commanded to arrest the Defendant Property and take it into possession for safe custody as provided by Rule G, Supplemental Rules of Federal Rules of Civil Procedure until further order of the Court, and to use whatever means may be appropriate to protect and maintain the Defendant Property while in custody, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Defendant Property and to make a return as provided by law.

SIGNED this _____ day of _____, 2019.

_____
UNITED STATES DISTRICT JUDGE